IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE EDWARDS,

                                                    ORDER

                Plaintiff,

                                        08-cv-352-bbc

      v.

MICHAEL THURMER, Warden,
JEREMY STANIEC, JOE BEAHM,
TRAVIS CAUL, J. HAWKINS, ERIC
KRUEGER and LT. BRIAN GREFF,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on July 29, 2008, I granted plaintiff Terrance Edward's request

for leave to proceed in forma pauperis on his Eighth Amendment claim that defendants

Michael Thurmer, Jeremy Staniec, Joe Beahm, Travis Caul, J. Hawkins, Eric Krueger and

Brian Greff used excessive force against him.  On September 15, 2008, plaintiff filed a

motion for summary judgment on this claim.

It is too early in this case for plaintiff to move for summary judgment.  Defendants

filed their answer on September 9, 2008.  They have had no opportunity to conduct

discovery on plaintiff's claim.  Therefore, I cannot require them to respond to plaintiff's

1

motion for summary judgment at this time.  On September 18, 2008, a preliminary pretrial conference is scheduled to be held in this case.  At the conference, the magistrate judge will set a trial date and deadlines for conducting discovery and filing dispositive motions, such as motions for summary judgment.  Plaintiff will be free to renew his motion in accordance with that schedule.  For now, however, I must deny plaintiff's motion for summary judgment as premature.

Also plaintiff has filed a reply to defendants' answer objecting to opposing counsel's motion to dismiss which is raised in their answer as an affirmative defense.  Fed. R. Civ. P. 12(b) permits defendants to avoid litigation of a case if plaintiff's allegations of fact, even if accepted as true, would be insufficient to make out a legal claim against the defendants. Although defendants have raised certain affirmative defenses in their answer they have not filed a motion to dismiss.  If such a motion were to be filed, plaintiff would be allowed to respond to it.  Otherwise, it is not necessary for plaintiff to respond to defendants' answer. Indeed, Fed. R. Civ. P. 7(a) forbids a plaintiff to submit a reply to an answer unless the court directs a reply to be filed.   No such order has been made in this case.  Plaintiff should be aware, however, that he is not prejudiced by Rule 7(a). Under Fed. R. Civ. P. 8(d), that the court assumes that averments in pleadings to which a response is not allowed are denied. Therefore, although plaintiff is not permitted to respond to defendants' answer, the court assumes that he has denied the factual statements and affirmative defenses raised in that

2

answer.

ORDER

IT IS ORDERED that plaintiff Terrance Edward's motion for summary judgment is

DENIED without prejudice to his refiling his motion in accordance with the schedule that

will be set by the magistrate judge at the September 18, 2008 preliminary pretrial

conference.

Entered this 17th day of September, 2008.

BY THE COURT:


/s/

_____
BARBARA B. CRABB
District Judge

3