IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE EDWARDS,

        Plaintiff,

v.

JEREMY STANIEC, *et al.*,

        Defendants.

ORDER

08-cv-352-bbc

---

This is a prisoner civil rights lawsuit in which plaintiff claims that defendants used excessive force against him while they attempted to restrain petitioner as he mutilated himself with a razor while in the showers at Waupun Correction Institution. Plaintiff claims that while he resisted efforts to subdue him, defendants smashed him about, used incapacitating gas and threatened him with a taser. *See* July 29, 2008 order, dkt. 8, at 5.

Plaintiff has filed a motion to compel discovery, dkt. 21, claiming that defendants have failed to provide: (1) The Department of Corrections' "Work Rules," and (2) WCI's Institution and Segregation Policies "such as procedures pertaining to the use of gas, tasers and forceful responses." *Id.* at 1-2.

Defendants respond that plaintiff's requests for all DOC work rules and for WCI's segregation policies both are too broad,; they imply that if plaintiff were to narrow his requests to cover his actual situation, then they would be willing to look for relevant documents. Although defendants don't say this, it may be that the only relevant work rules and segregation policies that plaintiff actually wishes to review are detailed in his request for WCI's procedures regarding forceful responses, use of gas and tasers. Predictably, defendants oppose disclosure of this information because it "would clearly compromise the security and safety of the prison." Dkt. 23 at 2.

In an unbidden reply (dkt. 25), plaintiff confirms that what he really wants is the policies and procedures governing the defendants' use of force while they subdued him. Plaintiff contends that it is relevant to his claims whether defendants violated their own rules regarding use of force.

To prove an eighth amendment claim of excessive force, plaintiff will have to establish that the defendants applied force maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to maintain or restore discipline. *See Richman v. Sheahan*, 512 F.3d 876. 881-82 (7th Cir. 2008). Evidence relevant to this determination includes proof that the defendants either followed or violated the rules, policies and procedures that governed their use of gas and other physical force. (In this case, rules governing taser use could not be relevant because plaintiff does not allege that defendants actually used the taser on him). Indeed, it is common at trials on eighth amendment claims for defendant officers to testify that they have been trained how to use force appropriately and that they followed their training in the situation underlying the lawsuit.

To the extent that correctional officers offer testimony of this nature in reliance on the Wisconsin Administrative Code, namely §§ DOC 306.07 & 306.09, this is not confidential information. Therefore, it would not compromise security for this group of defendants to acknowledge that these predictable and commonsensical regulations were their benchmarks. If defendants intend to offer such evidence in this case, either in support of a motion for summary judgment or as part of their trial testimony, then they must acknowledge this in response to plaintiff's discovery requests.

This may well be the end of this particular discovery dispute. After all, plaintiff claims that defendants chemically sprayed him twice in the shower–unnecessarily, according to plaintiff– restrained him and kicked him in the head and ribs, apparently after dropping him to the floor; then defendants cuffed plaintiff in leg, hand and belly chains and intentionally choked him;

2

finally, after defendants handcuffed plaintiff to a strip cage door, they intentionally hyper-extended his right wrist and bashed his head against the steel door.  I predict that the defendants' basic and repeated response to all these allegations will be "did not!"  Since any of the alleged intentional acts against plaintiff would violate the two DOC regulations cited above, it is difficult to imagine that any defendant would rely on more specialized training or more arcane regulations to defend against plaintiff's allegations of punitive excessive force.

But if defendants are going to offer any testimony or other evidence about additional training or regulations that informed their actions that day, then defendants must forthwith provide this information to the court for *in camera* review.  If there is no other information, then defendants must confirm this to plaintiff in writing so that the record is clear.

### ORDER

It is ORDERED that plaintiff's motion to compel discovery is GRANTED IN PART and DENIED IN PART in the manner and for the reasons stated above.

Entered this 3rd day of December, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge