IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE EDWARDS,

                  Plaintiff,                                ORDER

        v.                                                  08-cv-352-bbc

JEREMY STANIEC, JOE BEAHM,
TRAVIS CAUL, J. HAWKINS, Sgt.
ERIC KRUEGER, and
BRIAN GREFF, Lt.

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff has filed a motion for summary judgment in this case, in which he alleges that defendants used excessive force against him on April 19, 2008, in violation of his Eighth Amendment rights. Unfortunately, plaintiff's motion does not substantially comply with this court's Procedures to be Followed on Motions for Summary Judgment, a copy of which was sent to the parties with the magistrate judge's September 19, 2008 preliminary pretrial conference order. Therefore, it must be denied.

Plaintiff has filed a single document in which he lists proposed findings of fact and makes legal arguments and to which he has attached purported evidentiary materials. As the court's procedures make clear, a party's proposed findings of fact are to be set forth in a

document separate from the party's legal arguments. In addition, to be admissible as evidence, exhibits must be authenticated. This means they must be attached to an affidavit in which a person who has personal knowledge of what the exhibits are declares under penalty of perjury or swears under oath that the exhibits are true and correct copies of the documents they appear to be. For example, if plaintiff wants to submit copies of incident reports written by the defendants following the April 19, 2008 incident that is the subject of this lawsuit, and he obtained the incident reports from the defendants during the discovery phase of this proceeding, he should prepare an affidavit in which he declares under penalty of perjury that those exhibits (identified by the numbers he gave them) are true and correct copies of the incident reports he received from the defendants during discovery. Likewise, if plaintiff wants to submit copies of his medical records, he must obtain an affidavit from the custodian of the records in which the custodian declares under penalty of perjury or swears under oath that the records are true and correct copies of plaintiff's medical records maintained by the Department of Corrections.

     Because plaintiff failed to comply with this court's summary judgment procedures and because none of his exhibits are admissible as evidence in light of the fact that they have not been authenticated, plaintiff's motion for summary judgment will be denied. However, the denial of plaintiff's motion does not prejudice plaintiff. I note that on March 25, 2009, defendants filed their own motion for summary judgment. In response to that motion,

plaintiff will have an opportunity to explain his version of the facts, submit evidence and raise any legal arguments he wishes to raise relating to the matter at issue in this case. However, plaintiff is encouraged to pay strict attention to the court's summary judgment procedures in preparing his response so that his submissions may be considered by the court. To allow plaintiff to properly authenticate his exhibits, I am returning them to plaintiff with a copy of this order.

## ORDER

IT IS ORDERED that plaintiff's motion for summary judgment is DENIED for his failure to comply with the court's Procedures to be Followed on Motions for Summary Judgment.

Entered this 26th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3