IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE EDWARDS,

                    Plaintiff,                    ORDER

     v.                                         08-cv-352-bbc

JEREMY STANIEC, JOE BEAHM,
TRAVIS CAUL, J. HAWKINS, Sgt.
ERIC KRUEGER, and
BRIAN GREFF, Lt.

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff has filed a motion entitled "Motion to Recall and Reconsider," properly construed as a motion brought pursuant to Fed. R. Civ. P. 59 to alter or amend the judgment entered in this case on May 12, 2009.  In an order entered June 5, 2009, I told plaintiff to submit a sworn statement indicating the date that he delivered his "Motion to Recall and Reconsider" to prison officials to be mailed, which was necessary to determine whether his motion was filed within the 10-day deadline for filing Rule 59 motions. Fed. R. Civ. P. 59(e) (Rule 59 motion must be filed no later than 10 days after entry of judgment); Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001) (citing Houston v. Lack, 487 U.S. 266 (1988)) (Rule 59 motion considered "filed" when delivered to prison authorities).

1

Plaintiff has responded to the order, stating that he does not recall the date he delivered his motion, but does know that it was the date he indicated in the certificate of service he filed with his motion. That date was May 17, 2009, well within ten days of the May 12, 2009 judgment. It is curious, if not suspicious, that the motion was not placed in the mail by prison officials until May 29, twelve days after plaintiff avers that he delivered the motion to prison officials. It is equally curious that the motion was mailed on the same day as a "supplement" to the original motion, which was not delivered to prison officials until May 28, 2009 (a date outside the 10-day period). As suspicious as this may be, I will take plaintiff at his word, which means that I will treat his Rule 59 motion as timely filed.

With that, I turn to the merits of plaintiff's motion. Plaintiff makes several arguments, but only one requires attention. He contends that it was error to disregard his version of the incident of alleged excessive force, which he attached to his summary judgment materials as Exhibit 7 and which he cited in throughout his proposed findings of fact and responses. As I explained in the order granting defendants' motion for summary judgment, Exhibit 7 was disregarded because it is an unsworn, 2-page excerpt of plaintiff's complaint. Unsworn statements may not be used to oppose summary judgment unless they are made under penalty of perjury, which Exhibit 7 was not.

However, plaintiff points out that although Exhibit 7 was unsworn, his complaint was declared under penalty of perjury. Thus, although Exhibit 7 was not admissible evidence,

2

the underlying complaint was, and Exhibit 7 was nothing more than an identical copy of the statement of facts found in the complaint. Had plaintiff cited directly to his complaint, the statement of facts would have been considered; should those same facts be ignored because his citation to the record was to an unsworn copy rather than one declared under penalty of perjury? In some cases, I would say, yes. However, in this case, two points lead me to conclude otherwise. First, there was no question that Exhibit 7 was simply an excerpt of another document already in the record, which means defendants would have no difficulty locating the original document. Second, plaintiff is litigating his lawsuit on his own without legal representation, which means he should not be punished for technical violations of procedural rules. Dale v. Poston, 548 F.3d 563, 568 (7th Cir. 2008) (pro se prisoner's non-compliance with local rules should not mean that he does not receive "fair shake").

     Had I been aware that plaintiff's underlying complaint was declared under penalty of perjury (a possibility I did not consider because complaints are not generally declared under penalty), I would not have disregarded Exhibit 7. Plaintiff's failure to cite directly to his admissible complaint was a procedural mistake, but it is not one that I would have held against him. Thus, although Rule 59 "does not provide a vehicle for a party to undo its own procedural failures," Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000), plaintiff's procedural failure is not one that needed undoing. I agree with plaintiff that it was error to disregard Exhibit 7, which contained plaintiff's version of the

3

incident of alleged excessive force.

The next question is whether plaintiff's version of the incident would have led to a different conclusion on defendants' motion for summary judgment. I granted defendants' motion for summary judgment after concluding that defendants' facts did not support a finding that they had acted maliciously and sadistically when restraining plaintiff. Had Exhibit 7 been considered, certain facts regarding defendants' use of force would have been put into dispute, creating a jury question on the matter. According to defendants, plaintiff refused to kneel to allow staff to apply leg restraints and struggled when defendants attempted to perform a strip search. Moreover, defendants aver that the force they used against him involved mostly grappling techniques designed at forcing his compliance.

Plaintiff paints a very different picture. According to him, after defendants restrained him, he did not refuse to kneel, but rather could not kneel because the restraints would not permit it. Moreover, plaintiff says that in response to his inability to kneel, defendants Staniec and Hawkins started kicking him in his hips and ribs while defendants Caul and Krueger held his arms, defendant Caul banged plaintiff's head against the steel shower door, defendant Krueger hyper-extended his wrist and defendant Beahm choked him. If a jury believes plaintiff's version of the incident, they could reasonably find that defendants Staniec, Hawkins, Caul, Krueger and Beahm used force against him not as a good faith measure to restore order, but rather maliciously and sadistically and for the purpose of

4

causing harm. Whitley v. Albers, 475 U.S. 312, 320 (1986). Therefore, I will grant plaintiff's motion to alter or amend the judgment as to his claim that these defendants used excessive force against him after he was restrained. The judgment entered on May 12, 2009 will be vacated and the case will proceed to trial.

This conclusion leaves untouched the grant of defendants' summary judgment as to (1) plaintiff's claim that defendants used excessive force against him when they used incapacitating agents against him; and (2) plaintiff's claim that defendant Greff used excessive force against him by threatening to use a taser on him. As I explained in the summary judgment order, plaintiff waived the first claim by failing to respond to defendants' contention that their use of incapacitating agents was not excessive force under the circumstances. As for the second claim, it remains undisputed that defendant Greff threatened to use a taser only after plaintiff "lunged" at defendants. (Although plaintiff attempted to dispute this fact, he does so only by pointing out that not all defendants stated that he "lunged" at them in their reports, although some did. Notably, Exhibit 7 does not refute defendants' testimony that he lunged.) Therefore, those claims remain dismissed.

One issue remains. Defendants moved to stay proceedings against defendant Staniec pursuant to 50 App. U.S.C. § 521 because on January 6, 2009, he was ordered to active duty in Iraq and will remain on active duty for 400 days unless released earlier or extended. Dkt. #39. Section 521 requires a stay of proceedings against a defendant in military service

5

unless it appears that his military service does not materially affect his ability to conduct his defense. I cannot say defendants' service in Iraq does not materially affect his ability to conduct his defense. Therefore, I will grant defendants' motion. Defendants' counsel is to notify the court when defendant Staniec is released from active duty. If defendant Staniec is released early or his duty is extended, defendants' counsel should provide a status report to the court. Otherwise, the court will assume that defendant Staniec has been released from active duty on February 10, 2010 and the stay will be lifted at that time.

ORDER

IT IS ORDERED that:

1. Plaintiff's "Motion to Recall or Reconsider," properly construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59, is GRANTED in part. The order entered May 12, 2009 is AMENDED to state that:

    a. defendants' motion for summary judgment is GRANTED as to plaintiff's claims that defendants used excessive force against him when they used incapacitating agents against him and that defendant Greff used excessive force against plaintiff by threatening to use a taser on him and DENIED as to plaintiff's claim that defendants Staniec, Hawkins, Caul, Krueger and Beahm used excessive force against him after

6

he was restrained; and

      b. defendants' motion to stay proceedings against defendant Staniec pursuant to 50 App. U.S.C. § 521 is GRANTED and proceedings against defendant Staniec are STAYED until February 10, 2010. Defendants' counsel should notify the court if defendant Staniec's release date changes from that date.

2. The judgment entered May 12, 2009 is VACATED and the clerk is directed to reopen the case.

3. The deadlines set in the parties' preliminary pretrial conference order, dkt. #17, are REINSTATED as to all defendants except defendant Staniec.

Entered this 12th day of June, 2009.

                BY THE COURT:

                /s/

                _____
                BARBARA B. CRABB
                District Judge