IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE EDWARDS,

                Plaintiff,                        ORDER

       v.                                     08-cv-352-bbc

JEREMY STANIEC, JOE BEAHM,
TRAVIS CAUL, JOHNATHAN
HAWKINS, and ERIC KRUEGER.

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a prisoner civil rights lawsuit brought under 42 U.S.C § 1983 in which plaintiff Terrance Edwards alleged that defendants used excessive force against him after he was restrained. After a trial on plaintiff's claim, a jury returned a verdict in favor of defendants, finding that none of them used excessive force against plaintiff. Now before the court are plaintiff's motions to reconsider, dkt. #124, and for a new trial, dkt. #125. (Plaintiff also submits a "supplement affidavit" requesting counsel in the event he receives a new trial. Dkt. #126.) In addition, plaintiff has filed a notice of appeal and moved for leave to proceed on appeal in forma pauperis.

Plaintiff's two motions are properly construed as a single motion for a new trial

1

pursuant to Fed. R. Civ. P. 59. In support of that motion, plaintiff contends that (1) it was error to exclude documents prepared by prison officials and plaintiff in the course of his treatment; (2) it was error to exclude evidence of the Department of Corrections' regulations related to use of force; and (3) it was error to deny plaintiff's request for counsel.

A plaintiff may be entitled to a new trial if "the verdict is against the weight of the evidence . . . the damages are excessive, or . . . for other reasons, the trial was not fair to the party moving." Kapelanski v. Johnson, 390 F.3d 525, 530 (7th Cir. 2004) (internal quotations omitted). However, a new trial should be granted "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the court's] conscience." Davis v. Dept. of Corrections, 445 F.3d 971, 979 (7th Cir. 2006) (internal quotations omitted). It is under this standard that I proceed.

Plaintiff's first argument is that his "medical documentary evidence" was admissible because it had been authenticated, was an admission of a party opponent under Fed. R. Evid. 801(d)(2) and was a "statement made for purposes of medical diagnosis or treatment" under Fed. R. Evid. 803(4). The documents plaintiff sought to use, dkt. #111-3, included "progress notes" in which medical care providers described plaintiff's subjective statement of his need for medical care (abbreviated as an "S"), described the providers' objective observations (abbreviated as an "O") and provided an assessment. In addition, the

2

documents included "prescriber's orders" for the medicine plaintiff was receiving and a "headache diary" filled out by plaintiff describing the dates, duration and severity of headaches plaintiff says he was experiencing. There is some merit to plaintiff's contention that the documents were admissible. The medical providers are defendant's "agents or servants" and their statements regarding plaintiff's medical care are non-hearsay under Fed. R. Civ. P. 801(d)(2) or otherwise could be considered admissible hearsay as "business records." Likewise, plaintiff's own statements, recorded under the subjective category and in the headache diary, are properly considered "statement[s] made for purposes of medical diagnosis or treatment."

 Nonetheless, I am not persuaded that a new trial is warranted. First, the documents would only go so far to help plaintiff establish his version of the story. Most of the "subjective" descriptions favored that version, but most of the "objective" descriptions suggested that plaintiff might have been exaggerating his subjective experience in many respects (e.g., "able to move wrist without diff[iculty]," "wrist not deformed [no] swelling noted," "able to move all fingers," "[no] bruising noted on body," etc.). In particular, one key statement from the documents that plaintiff sought to introduce was the statement that a provider noticed a "bump" on his forehead; however, the same provider noted "did not see it on my prior assessment," which had occurred in the strip cage right the alleged incident of excessive force.

3

Moreover, even assuming the evidence had some weight, it would have been only remotely helpful in establishing plaintiff's case. The question was not whether defendants used force at all; they admitted that they did. Instead, the question was whether the force they used was unreasonable under the circumstances, which defendants contended included aggressive behavior on plaintiff's part. Simply put, even the injuries plaintiff identifies in the documents were consistent with defendants' version of the story (we used force, but it was because he was rowdy). Finally, the exclusion of the documentary evidence did little harm; plaintiff was able to testify about his injuries. In sum, I am not persuaded that the exclusion of the medical evidence created the type of "miscarriage of justice" that would justify a new trial.

Next, plaintiff contends that it was error to exclude his evidence regarding the department's administrative rules related to the use of force. I am not persuaded by this argument. At most, evidence of those administrative rules could have established that one or more of the defendants violated those rules. In this case, plaintiff needed to establish that defendants acted "maliciously and sadistically" and not for the sake of restoring order. As to that question, the fact that any defendant failed to follow administrative rules may have been slightly probative, if plaintiff could also establish that that defendant knew about a given rule but declined to follow it anyway. However, the probative value of such evidence is "substantially outweighed" by the risk of "confusion of the issues" and is therefore

4

inadmissible under Fed. R. Civ. P. 403. In circumstances such as were present in this case, there is a risk that the parties' dispute will shift to the question whether administrative rules were violated (a point of focus for plaintiff all along, e.g. dkt. #54, at 3-4). This causes confusion by moving the focus away from the issue at hand: whether defendants acted "maliciously and sadistically."

Last, plaintiff contends that it was error to deny his motion for appointment of counsel, dkt. #79. I disagree. As I explained in the order denying plaintiff's motion, this case is factually simple. Plaintiff's case boiled down to his story of the incidents versus defendants'. Plaintiff points out that, if he had a lawyer, he could have done a better job attacking the credibility of defendants and establishing his own credibility. This is true, but it is also a problem every pro se litigant faces. The court cannot appoint counsel in every case just because having a lawyer tends to help. Plaintiff's ability to litigate this case himself was not so inadequate as to require a lawyer. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007) (when deciding motion for appointment of counsel, court should consider both complexity of case and pro se plaintiff's ability to litigate it himself). He had the opportunity and ability to testify about his version of the incident and challenge defendants'. Because plaintiff has failed to provide sufficient grounds to warrant a new trial, I will deny his motion for a new trial.

Now that plaintiff's motion for a new trial under Rule 59 has been decided, his

5

notice of appeal becomes effective, Fed. R. App. P. 4(a)(4)(A)(v), (B)(i), so I turn to consider his request to proceed in forma pauperis on that appeal. I must determine first whether plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith. Unfortunately for plaintiff, he has incurred three strikes under § 1915(g). In all the following cases, plaintiff had one or more claim dismissed on the ground that it was frivolous or failed to state a claim upon which relief may be granted: Edwards v. DOC, 04-cv-664-bbc (decided Nov. 2, 2004); Edwards v. Thurmer, 08-cv-352-bbc (decided July 29, 2008); and Edwards v. Thurmer, 08-cv-388-bbc (decided Sept. 24, 2008). Therefore, he is not eligible to seek pauper status on appeal unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Because plaintiff's claims involve incidents that occurred in the past, I cannot conclude that he is in imminent danger of serious physical injury. He will not be able to take advantage of the initial partial payment provision of § 1915. He owes the $455 fee for filing an appeal in full immediately.

Plaintiff may challenge my decision to deny his request for leave to proceed in forma pauperis on appeal because of his § 1915(g) status in the court of appeals within 30 days of the date he receives this order. Fed. R. App. P. 24(a)(5). His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order. Plaintiff should be aware that if the court of appeals agrees with this court that

plaintiff is ineligible for pauper status under § 1915(g), it will send him an order requiring him to pay all of the filing fee by a set deadline. If plaintiff fails to pay the fee within the deadline set, ordinarily the court of appeals will dismiss the appeal.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration, dkt. #124, and motion for a new trial, dkt. #125, brought pursuant to Fed. R. Civ. P. 59, are DENIED.

2. Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #130, is DENIED because three strikes have been recorded against him under 28 U.S.C. § 1915(g) and the issues he intends to raise on appeal do not qualify for the imminent danger exception to § 1915(g). The clerk of court is directed to insure that plaintiff's obligation to pay the $455 filing fee is reflected in this court's financial records.

Entered this 17th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge