IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE EDWARDS,

                Plaintiff,                ORDER

      v.                                    08-cv-352-bbc

JEREMY STANIEC, JOE BEAHM,
TRAVIS CAUL, JOHNATHAN
HAWKINS, and ERIC KRUEGER.

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The jury returned a verdict in favor of defendants in this prisoner civil rights lawsuit brought by plaintiff Terrance Edwards under 42 U.S.C § 1983. Plaintiff filed two motions for a new trial, a notice of appeal, a motion for leave to proceed in forma pauperis on appeal and a motion for transcripts to be prepared at government expense. In two September 17, 2009 orders, I denied plaintiff's motions for a new trial, denied his motion to proceed in forma pauperis on appeal because he has struck out under 28 U.S.C. § 1915(g) and denied his motion for transcripts to be prepared at government expense. Now plaintiff has filed a motion for reconsideration of the orders denying his motions for leave to proceed in forma pauperis on appeal and for preparation of transcripts at government expense. He argues that

1

I incorrectly awarded him a strike in the July 29, 2008 screening order in this case, and that he has not struck out under § 1915(g).

I will deny plaintiff's motion for reconsideration of the September 17, 2009 order denying him leave to proceed in forma pauperis on appeal because this court does not have jurisdiction to consider the motion. As I explained in the September 17, 2009 order, once a district court denies a plaintiff leave to proceed in forma pauperis on appeal, the plaintiff has 30 days from the date of service of the district court's order in which to file a motion to proceed on appeal in forma pauperis directly in the court of appeals. Fed. R. App. P. 24(a)(5). Review of the court of appeals' docket shows that plaintiff has filed such a motion. As a result, he must litigate this issue in that court.

I note that even if this court retained jurisdiction to consider plaintiff's motion, I would deny it because he incorrectly argues that he did not receive a valid "strike" in the July 29, 2008 screening order. He argues that he should not have received a strike solely because I dismissed defendants Dodge County and the State of Wisconsin from the case. Although it is this court's policy not to assess strikes for the dismissal of defendants that cannot be sued under § 1983, plaintiff overlooks the fact that I dismissed other claims in that action for failure to state a claim upon which relief can be granted. Therefore, the strike was appropriate.

Finally, I will deny plaintiff's motion for reconsideration of the September 17, 2009

2

order denying his motion for the preparation of transcripts at government expense. Because plaintiff has not been allowed to proceed in forma pauperis on appeal, his request for the preparation of transcripts at government expense must be denied under 28 U.S.C. § 753(f).

ORDER

IT IS ORDERED that

1. Plaintiff's motion for reconsideration of the September 17, 2009 order denying his request for leave to proceed in forma pauperis on appeal, dkt. #136, is DENIED because the court lacks jurisdiction to consider it.

2. Plaintiff's motion for reconsideration of the September 17, 2009 order denying his motion for the preparation of transcripts at government expense, dkt. #136, is DENIED.

Entered this 16th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge